```
              IN THE UNITED STATES DISTRICT COURT
              FOR THE MIDDLE DISTRICT OF GEORGIA
                       COLUMBUS DIVISION


IN RE MENTOR CORP. OBTAPE         *   MDL Docket No. 2004
                                      4:08-MD-2004 (CDL)
TRANSOBTURATOR SLING PRODUCTS     *
                                      Case No.
LIABILITY LITIGATION              *   4:11-cv-5078 (T. Broome)
```

O R D E R

Defendant Mentor Worldwide LLC ("Mentor") developed a suburethral sling product called ObTape Transobturator Tape ("ObTape"), which was used to treat women with stress urinary incontinence. Plaintiff Teresa Broome ("Broome") was implanted with ObTape, and she asserts that she suffered injuries caused by ObTape. Broome brought this product liability action against Mentor, contending that ObTape had design and/or manufacturing defects that proximately caused her injuries. Broome also asserts that Mentor did not adequately warn her physicians about the risks associated with ObTape. Mentor contends that Broome's claims are barred by North Carolina's statute of repose. As discussed below, the Court agrees, and Mentor's Motion for Summary Judgment (ECF No. 37 in 4:11-cv-5078) is granted.

SUMMARY JUDGMENT STANDARD

Summary judgment may be granted only "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R.

Civ. P. 56(a).  In determining whether a *genuine* dispute of *material* fact exists to defeat a motion for summary judgment, the evidence is viewed in the light most favorable to the party opposing summary judgment, drawing all justifiable inferences in the opposing party's favor.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).  A fact is *material* if it is relevant or necessary to the outcome of the suit.  *Id.* at 248.  A factual dispute is *genuine* if the evidence would allow a reasonable jury to return a verdict for the nonmoving party.  *Id.*

## FACTUAL BACKGROUND

Viewed in the light most favorable to Broome, the record reveals the following.  Unless otherwise noted, the facts are undisputed for purposes of Mentor's summary judgment motion.

Broome is a resident of North Carolina, and all medical treatment related to her claims occurred in North Carolina.  In 2004, Broome visited her physician, Dr. Carl Fisher, because she was experiencing incontinence and other problems.  After discussing her options with Dr. Fisher, Broome decided to undergo a transobturator sling procedure.  Dr. Fisher implanted ObTape in Broome on November 17, 2004 and also performed several other surgical procedures.

Shortly after the surgery, Broome was unable to void her bladder and had to be catheterized.  Dr. Fisher told Broome that this problem occurred because the sling was too tight.  In the

spring and summer of 2005, Broome began experiencing bleeding and vaginal discharge.  Dr. Fisher examined Broome and found an erosion of the ObTape.  On May 27, 2005, Dr. Fisher performed a procedure to release the ObTape and to remove some scar tissue.  Broome continued to experience discharge, and Dr. Fisher referred Broome to Dr. G. Bernard Taylor.  After examining Broome, Dr. Taylor performed surgery to excise a portion of Broome's ObTape on August 19, 2005.  Following the excision surgery, Broome's incontinence returned, but she had no other symptoms that she attributed to ObTape.

In 2006, about a year after the excision surgery, Broome did some internet research to determine if other women had similar complications following sling surgery.  She also contacted an attorney to investigate a potential product liability action, and she called Dr. Fisher's office to find out what company manufactured her sling.  Broome asserts that she did not suspect that ObTape might be defective until she saw a television ad regarding ObTape complications in 2011.

Broome filed her Complaint in the United States District Court for the District of Rhode Island on October 20, 2011.  *See generally* Compl., ECF No. 1 in 4:11-cv-5078.  Broome brought claims for strict liability, negligence, breach of warranty, and failure to warn.

3

DISCUSSION

The Judicial Panel on Multidistrict Litigation transferred Broome's diversity action from the United States District Court for the District of Rhode Island to this Court for pretrial proceedings. Therefore, the Court must apply the choice-of-law rules of Rhode Island, the transferor forum, to determine which state law controls. *See In re Volkswagen & Audi Warranty Extension Litig.*, 692 F.3d 4, 17 (1st Cir. 2012) ("Where a suit is consolidated and transferred under [28 U.S.C.] § 1407, courts typically apply the choice of law rules of each of the transferor courts."); *Toll Bros., Inc. v. Dryvit Sys., Inc.*, 432 F.3d 564, 568 n.4 (4th Cir. 2005) (noting that law of transferor court must be applied in multidistrict litigation case).

In this action, Broome and Mentor agree that North Carolina law, including North Carolina's statute of repose, applies to Broome's claims. *See Harodite Indus., Inc. v. Warren Elec. Corp.*, 24 A.3d 514, 534 (R.I. 2011) (noting that factors to be considered in choice of law analysis regarding applicable statute of limitations include the place where the injury occurred, the place where the conduct causing the injury occurred, and the residence of the parties). Broome lives in North Carolina, all relevant medical treatment occurred in North Carolina, and there is no evidence that Rhode Island has significant contacts to this action. Neither side has suggested

4

that another state's law applies, and the Court will therefore analyze Broome's claims under North Carolina law.

Until 2009, North Carolina law provided that no personal injury claims "based upon or arising out of any alleged defect or any failure in relation to a product shall be brought more than six years after the date of initial purchase for use or consumption." N.C. Gen. Stat. § 1-50(a)(6) (1995). On October 1, 2009, a new statute of repose for product liability claims became effective: no personal injury claims "based upon or arising out of any alleged defect or any failure in relation to a product shall be brought more than 12 years after the date of initial purchase for use or consumption." N.C. Gen. Stat. § 1-46.1(1). The new rule became effective on October 1, 2009 and applies only "to causes of action that accrue on or after that date." 2009 N.C. Sess. Laws 2009-420 § 3; *see also Robinson v. Bridgestone/Firestone N. Am. Tire, L.L.C.*, 703 S.E.2d 883, 886-87 (N.C. Ct. App. 2011) (finding that § 1-46.1(1) does not apply to actions that accrued prior to October 1, 2009). The relevant question, therefore, is when Broome's cause of action accrued.

For purposes of North Carolina's statute of limitations, a personal injury cause of action accrues when "bodily harm to the claimant . . . becomes apparent or ought reasonably to have become apparent to the claimant, whichever event first occurs." N.C. Gen. Stat. § 1-52(16). In *Soderlund v. Kuch*, the primary

5

case on which Broome relies, the North Carolina Court of Appeals explained that a discovery statute, such as N.C. Gen. Stat. § 1-52(16), "allows a statute of limitations to not begin to run until plaintiff discovers, or in the exercise of reasonable care, should have discovered, that he was injured as a result of defendant's wrongdoing." *Soderland*, 546 S.E.2d 632, 638 (N.C. Ct. App. 2001) (internal quotation marks omitted). "[A]s soon as the injury becomes apparent to the claimant or should reasonably become apparent, the cause of action is complete and the limitation period begins to run." *Id.* at 638 (alteration in original); *cf. Pinczkowski v. Norfolk S. Ry. Co.*, 571 S.E.2d 4, 6 (N.C. Ct. App. 2002) ("[O]nce a plaintiff concludes he has an injury and believes the injury may have been caused by his employment, he is under an affirmative duty to investigate the potential cause of the injury."). In *Soderland*, the North Carolina Court of Appeals found that the plaintiff's emotional distress claims were time-barred because the plaintiff's claims accrued when he realized, at the time of the defendants' wrongful conduct, that the defendants' wrongful conduct caused his distress. *Soderland*, 546 S.E.2d at 639, 641.

Here, it is undisputed that Broome was told in 2005 that she had suffered an erosion of the ObTape, and Broome cannot seriously dispute that she realized at that time that certain symptoms, including discharge, were caused by the ObTape. At

6

that time, Broome had sufficient notice that her injuries were related to ObTape so that she could begin an investigation to determine whether those injuries were caused by a problem with ObTape, a problem with the implantation surgery, or some other problem. Broome nonetheless argues that she did not suspect that ObTape might be defective until she saw a television ad regarding ObTape complications in 2011. This argument is disingenuous; it is undisputed that Broome conducted research and consulted a lawyer in 2006 based on her suspicion that her symptoms were related to the ObTape. Based on these undisputed facts, Broome's injury became apparent or should reasonably have been apparent to her by 2006 at the latest, so that is when her cause of action accrued.[1] Accordingly, North Carolina's 1995 statute of repose, not the 2009 statute of repose, applies.

Under the 1995 statute of repose, no personal injury claims "based upon or arising out of any alleged defect or any failure in relation to a product shall be brought more than six years after the date of initial purchase for use or consumption." N.C. Gen. Stat. § 1-50(a)(6) (1995). Therefore, a personal injury cause of action based on a product defect must be brought

---

[1] To the extent that this holding may appear to be inconsistent with the Court's previous holding under Georgia law in *In re Mentor Corp. ObTape Transobturator Sling Products Liability Litigation,* 711 F. Supp. 2d 1348 (M.D. Ga. 2010), the Court finds that North Carolina law has not been as broadly interpreted as the Eleventh Circuit seemed to interpret Georgia law in *Welch v. Celotex Corp.*, 951 F.2d 1235 (11th Cir. 1992).

7

within six years of the date when the product was initially purchased for use or consumption. *Robinson*, 703 S.E.2d at 887 (finding that to bring a claim related to an allegedly defective tire, the plaintiffs had to prove that the "tire was initially purchased within six years of the filing of the complaint"); *see also Bryant v. Don Galloway Homes, Inc.*, 556 S.E.2d 597, 600 (N.C. Ct. App. 2001) (noting that a statute of repose begins to run when the statutory triggering event occurs, "regardless of whether or not there has been an injury"). Here, it is undisputed that Broome's ObTape was initially purchased for use on November 17, 2004 at the latest, when the ObTape was implanted into Broome's body. Broome did not file her Complaint until more than six years later, on October 20, 2011. Accordingly, her claims are barred by the statute of repose, and Mentor is entitled to summary judgment.

## CONCLUSION

For the reasons set forth above, Mentor's Motion for Summary Judgment (ECF No. 37 in 4:11-cv-5078) is granted.

IT IS SO ORDERED, this 11th day of February, 2013.

S/Clay D. Land
CLAY D. LAND
UNITED STATES DISTRICT JUDGE